IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY SANDAGE and <br> SHEILA SANDAGE, <br><br> Plaintiffs, <br><br> vs. <br><br> COTTRELL, INC., LISA SHASHEK, <br> CASSENS & SONS, INC., CASSENS <br> CORPORATION, GENERAL MOTORS <br> CORPORATION, DAIMLERCHRYSLER <br> CORPORATION, and <br> UNKNOWN DEFENDANTS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-cv-0720-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**A.    Factual & Procedural Background**

On November 18, 2004, Plaintiffs Larry and Sheila Sandage initiated this cause of action by filing a complaint in the Circuit Court for the Third Judicial Circuit of Illinois in Madison County against Defendants Cottrell, Inc., Lisa Shashek, Cassens & Sons, Inc., Cassens Corporation, General Motors Corporation, DaimlerChrysler Corporation, and "unknown defendants" (*see* Doc. 2).

Plaintiff Larry Sandage is an employee of the Cassens Transport Company (which is not a party to the current litigation). He operates trailers that haul cars, requiring the use of a chain and ratchet tie down system. He alleges in his initial complaint that on or about November 18, 2002, he suffered injuries while using the system in the normal course of his employment duties, that those

1

injuries have reduced his capacity to earn a living, and that as a result of those injuries, he will have to expend significant amounts of money on medical care and vocational retraining. Larry asserts that his injuries were due to a defect in the chain and ratchet system. His wife, Sheila Sandage, alleges that due to Larry's injuries, she has lost his support and services.

In their complaint, Plaintiffs name six defendants. The first defendant is Cottrell, Inc. ("Cottrell"), the alleged manufacturer of the trailer. Cottrell is a corporation that is a citizen of the state of Georgia. Cottrell does business in Illinois.

The second defendant is Lisa Shashek, an individual and a citizen of Illinois. Plaintiffs allege that Shashek served in a "dual capacity as commercial lessor of the rig involved in the alleged injuries" (Doc. 2, p. 2).

The third defendant is Cassens & Sons, Inc., the alleged seller and/or distributor of the trailer. Cassens & Sons is a corporation that is a citizen of Illinois.

The fourth defendant is Cassens Corporation, another alleged seller and/or distributor of the trailer. Cassens Corporation is also a corporation that is a citizen of Illinois.

The fifth defendant is DaimlerChrysler Corporation ("DaimlerChrysler"), formerly known as Chrysler Corporation and as American Motors Corporation. Larry Sandage alleges that DaimlerChrysler assumed a duty of care to him when it specified standards for the trailers that would carry the vehicles it manufactures. DaimlerChrysler negligently breached that duty, Plaintiffs allege, by failing to ensure that the trailers were safe. DaimlerChrysler is a corporation that is a citizen of both Delaware and Michigan. DaimlerChrysler does business in Illinois.

The sixth defendant is General Motors Corporation ("GM"). Larry Sandage alleges that GM assumed a duty of care to him when it specified standards for the trailers that would carry

the vehicles it manufactures. As with DaimlerChrysler, Plaintiffs allege GM negligently breached that duty by failing to ensure that the trailers were safe. GM is a corporation that is a citizen of both Delaware and Michigan. GM does business in Illinois.

### *Cottrell's Removal*

On October 4, 2005, Cottrell removed this cause of action to this federal court pursuant to **28 U.S.C. §§ 1332, 1441** and **1446** (*see* Doc. 1). In its notice of removal, Cottrell asserts that this Court has diversity jurisdiction over this matter pursuant to **28 U.S.C. § 1332** because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists. Although there are three Illinois defendants joined in this suit, Cottrell asserts those defendants – (1) Cassens & Sons, Inc., (2) Cassens Corporation, and (3) Lisa Shashek – were fraudulently joined. Because these defendants were fraudulently joined, Cottrell argues, their Illinois citizenship must be disregarded and complete diversity of citizenship exists.

### *Plaintiffs' Motion to Remand*

Plaintiffs assert that Cottrell's removal is improper. In arguing that this Court lacks jurisdiction over this cause of action, Plaintiffs present three main arguments: (1) Cottrell's removal was untimely in that Cottrell did not file its notice of removal within the 30-day time limit for removal under **28 U.S.C. § 1446(b);** (2) Cottrell's removal was improper because all defendants did not join in the removal within the necessary time frame; and (3) the Illinois defendants were not fraudulently joined, and their presence in this action defeats diversity of citizenship.

**B.**     **Analysis**

Courts presume a plaintiff's choice of forum is valid and resolve all doubts regarding jurisdiction in favor of remand. ***See Doe v. Allied-Signal Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**.

When a defendant removes a case to a federal district court pursuant to **28 U.S.C. § 1441(a)**, the federal court must be able to exercise original jurisdiction over the matter. *See* **28 U.S.C. § 1441(a)(1)**. Under **28 U.S.C. § 1332(a)**, the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. **28 U.S.C. § 1332(a)**. If either requirement of diversity jurisdiction is lacking, the court must remand the case. **28 U.S.C. § 1447(c).**

### *The Amount in Controversy*

Recent Seventh Circuit decisions have clarified the standard to be used in evaluating the amount in controversy in cases removed from state court to federal court in diversity. In *Meridian Security Insurance Co. v. Sadowski*, **441 F.3d 536 (7th Cir. 2006)**, the court explained that:

> a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal . . . . Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

***Id*. at 543**. A removing party "need not show that the plaintiff will prevail or collect more than [the jurisdictional amount] if he does." ***Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (emphasis omitted)**. Rather, the burden is to show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Id*.

In this matter, Larry Sandage alleges that he has suffered and will continue to suffer

4

severe and permanent injuries to his neck and right shoulder, and will continue to suffer pain and mental anguish from these injuries. In addition, Larry Sandage claims that he has expended large sums of money in order to obtain medical treatment, and will be required to expend additional sums for treatment and vocational rehabilitation and convalescent care. In addition to Larry's claims, his wife, Sheila Sandage, seeks damages for purportedly having lost Larry's support and services. These damages, if proven, almost certainly will exceed $75,000 and Plaintiffs do not contest this fact. Accordingly, the Court finds that the amount in controversy is satisfied.

### *Diversity of Citizenship*

As required by **28 U.S.C. § 1332**, complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997). As mentioned, Cottrell asserts the non-diverse defendants – (1) Cassens & Sons, Inc., (2) Cassens Corporation, and (3) Lisa Shashek – were fraudulently joined, and therefore should be disregarded in this Court's jurisdictional analysis. If Cottrell is correct, complete diversity of citizenship would exist and the case would be removable to this Court pursuant to **28 U.S.C. §§1332(a)** and **1441**. *See Wiles v. Capitol Indemnity Corp.,* **280 F.3d 868, 871 (8th Cir. 2002)(under the fraudulent joinder doctrine, a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined).**

Fraudulent joinder is joinder solely to defeat federal jurisdiction. *Schwartz v. State Farm Mut. Auto Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999),** *quoting Poulos v. Naas Foods, Inc.*, **959 F.2d 69, 73 (7th Cir. 1992)("Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that**

5

**a state court would rule against the [in-state] defendant.'").** The Seventh Circuit in *Poulos v. Nass Foods, Inc.,* stated**:**

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff[(s)], the plaintiff[(s)] cannot establish a cause of action against the in-state defendant[(s)].

**959 F.2d at 73.** The fraudulent joinder analysis is similar to and can be every bit as outcome-determinative as a summary judgment or dismissal motion, and the Court treats it as such.

### 1. Cassens & Sons, Inc.

Plaintiffs allege that Cassens & Sons sold and/or distributed the trailer at issue, or profited from the sale of the rig, and placed the rig in the stream of commerce. The counts pleaded against Cassens & Sons are based on strict liability, negligence and breach of implied warranty based on the fact that Cassens & Sons purportedly was a distributor of the product at issue.

Cassens & Sons is a car dealership. As Cottrell admits, on many occasion in the past, Cottrell transferred title to a Cassens family lessor, who would lease the trailer to Cassens Transport (*see* Doc. 40, p. 9). However, as Cottrell further asserts, Cassens & Sons eventually was eliminated from these transactions, and Cottrell began to transfer title directly to the lessor, who would then lease the trailer to Cassens Transport.

In this matter, there is no record that Cassens & Sons ever owned, leased, possessed or otherwise controlled the rig at issue. On the contrary, Cottrell points out that the trailer at issue in this case was sold *after* Cassens & Sons ceased its involvement in the trailer transactions. In support of this assertion, Cottrell provides the affidavit of Clarence Brown, Vice President of Cassens & Sons, who states that Cassens & Sons "was never involved in any type of transaction, any

aspect of sale, any aspect of distribution, any aspect of lease, any aspect of ownership, any aspect of transfer of title, any aspect of possession, any aspect of delivery, any aspect of design, or any aspect of manufacture" with regard to the trailer at issue (Doc. 40, Exhibit # 13). This same affidavit identifies the "trailer at issue" as "Unit No. 5234 and identified by VIN 3 1C9VX10481G48273." *Id.*

On this point, Plaintiffs do not dispute Cottrell's assertion that Cassens & Sons was not in the chain of distribution of the trailer specified in Brown's affidavit as the trailer at issue, nor do Plaintiffs argue that Brown's specification of the "trailer at issue" is incorrect. Rather, Plaintiffs argue that their complaint is not based on just the one specified trailer, but that "there is absolutely no question more than one trailer is involved in this action." The Court disagrees with this assertion.

In just the first two pages of their complaint, Plaintiffs refer to either "the rig," the rig in question," "a rig," "the aforesaid rig," or "the aforementioned rig" at least 15 times (*see* Doc. 2, pp. 1-2). The only time Plaintiffs use the plural term "rigs" is in describing how "*the aforementioned rig*" was purportedly defective at the time of "*its*" manufacture (Doc. 2, ¶ 11)(emphasis added).

Moreover, the exhibits Plaintiffs provide to show that they are asserting "repetitive *trauma*" also refute Plaintiffs' assertion that "there is absolutely no question more than one trailer is involved in this action." For instance, in "Exhibit C," Plaintiffs refer to their *own* allegations in the complaint that *"the rig in question* was not reasonably safe," and refer to three respects in which "*the rig*" was purportedly unsafe (Doc. 51, Exhibit 4, p. 6)(emphasis added). The remaining exhibits offered by Plaintiffs on this point are rife with similar references to "a rig" or "the rig in question" (*see* Doc. 51, Exhibits 4, 5, 6). In light of this evidence, the Court rejects Plaintiffs' argument that

7

the present cause of action involves more than one trailer.

The Court also rejects Plaintiffs' assertion that Cassens & Sons is subject to liability because it was aware of similar injuries occurring with respect to other rigs. Mere knowledge of a fact without participation in the transactions that gave rise to the alleged injury is an insufficient basis to maintain Plaintiffs' causes of action against Cassens & Sons.[1]

For the foregoing reasons, the Court finds that there is no reasonable possibility that Plaintiffs can maintain their current cause of action against Cassens & Sons, and finds that Plaintiffs' joinder of Cassens & Sons was fraudulent, done solely to defeat federal jurisdiction. Consequently, the Court will disregard the citizenship of Cassens & Sons when determining diversity jurisdiction and **DISMISSES** *with prejudice* defendant Cassens & Sons from this cause of action.

**2. Lisa Shashek**

The counts brought against Lisa Shashek allege that she was the owner and "commercial" lessor of the trailer at issue. As both parties acknowledge, Illinois law draws a distinction between "commercial" lessors and "financial" lessors.

"Commercial" lessors rent the equipment with the expectation that the equipment will be returned at the end of the lease period. "Financial" lessors, on the other hand, purchase and lease a piece of equipment as an alternative method of financing the end user's purchase. Financial lessors do not expect a return of the equipment, but rather expect that the equipment will be purchased at the end of the lease period by the customer or that its useful life will be exhausted. ***See Rivera v. Mahogany Corp.*, 494 N.E.2d 660, 662 (Ill. App. 1986).** As such, a financial lessor is analogous

---

[1] The provision relied upon by Plaintiffs as the basis for their argument contrary to this principle, **735 ILCS 5/2-621(c),** was declared unconstitutional nearly a decade ago. ***See Best v. Taylor Mach. Works,* 179 Ill.2d 367 (Ill. 1997).**

8

to a bank which provides a financing loan with a security interest and not the equal of a commercial lessor who uses or places the equipment in the stream of commerce. ***Id.***; ***Abco Metals Corp. v. Equico Lessors, Inc.*, 721 F.3d 583 (7th Cir. 1983)(interpreting Illinois law).**

Shashek's affidavit, as well as title and lease documents provided as exhibits by Cottrell, clearly establish that Shashek was a financial lessor, not a commercial lessor, of the trailer at issue (*see* Doc. 40, Exhibits 17 & 18).

Plaintiffs' claims against Shashek are based upon theories of strict liability and negligence. Neither theory subjects Shaskek, as a financial lessor, to liability. Under Illinois law, a financial lessor cannot be held strictly liable in tort. ***Abco Metals Corp.,* 56 F. Supp. at 133; *Beattie v. Lindelof,* 633 N.E.2d 1227, 1234 (Ill. Ct. App. 1994);** *Rivera,* **494 N.E.2d at 663.** In addition, although Illinois Courts have not commented on the issue, a number of courts in other jurisdictions have declared affirmatively that financial lessors do not owe a legal duty to persons using the equipment that is the subject of the lease. *See Lon v. Tokai Bank of California,* **682 N.E.2d 1052, 1060 (Ohio Ct. App. 1996);** *Starborin v. Niagra Machine & Tool Works Corp.,* **172 A.D.2d 64, 66 (N.Y. App. Div. 1991);** *Bickram v. CASE I.H.,* **712 F.Supp. 18, 22-23 (E.D.N.Y. 1989).** Plaintiffs have failed to provide any authority, in *any* jurisdiction, that supports a contrary position – that Shashek's status as a financial lessor creates a duty of care owed to Plaintiffs. Accordingly, this Court adopts the reasoned approach of these Courts in finding that Shashek did not, simply by virtue of her status as a financial lessor, owe a duty of care to Plaintiffs.

The Court also rejects Plaintiffs' assertion that Shashek owed a duty of care to Plaintiffs because of her position as an officer and director of Cassens Transport or because of her purported knowledge of "others injured with ratchets" (Doc. 51, p. 4). It is well established that

individual directors or trustees of corporations or other legally created entities can not be held personally liable for the actions of those entities, subject to certain exceptions that are not present or even asserted in the instant matter as to Shashek. *See Peetom v. Swanson,* **778 N.E.2d 291, 294 (Ill. Ct. App. 2002).** Moreover, Shashek's mere knowledge of a fact without participation in the transactions that gave rise to the alleged injury is an insufficient basis to maintain Plaintiffs' claims against her.

For the foregoing reasons, the Court finds that there is no reasonable possibility that Plaintiffs can maintain their current cause of action against Lisa Shashek, and finds Plaintiffs' joinder of Shashek fraudulent, done solely to defeat federal jurisdiction. Consequently, the Court will disregard Shashek's citizenship when determining diversity and **DISMISSES** *with prejudice* defendant Lisa Shashek from this cause of action.

### 3. Cassens Corporation

Cassens Corporation's only corporate function is to serve as a holding company for other Cassens-related entities. As such, Cassens Corporation was not the owner, lessor, or distributor of the trailer at issue. Plaintiffs offer no specific evidence that Cassens Corporation was involved in the design or manufacture of the rig at issue or participated in the transactions at issue. Accordingly, there is no apparent basis for Cassens Corporation's liability in this matter.

Nonetheless, Plaintiffs insist that Cassens Corporation can be liable because an Illinois state court recently held that "when a holding company directly intervenes in the management of its subsidiaries so as to treat them as mere departments of its own enterprise, it is responsible for the obligation of those subsidiaries incurred or arising during its management." *Forsythe v. Clark USA, Inc.,* **836 N.E.2d 850, 854-55 (1st Dist. 2005).** While this may be a correct

statement of law, Plaintiffs have not established that this principle has any applicability to the present situation. While Plaintiffs present evidence that Cassens Corporation does in fact have at least one employee and its own employee manual, Plaintiffs have not shown that Cassens Corporation "directly intervenes in the management" of any of its subsidiaries, so as to treat them as "mere departments of its own enterprise." ***See id.***

Moreover, Plaintiffs' attempt to impute the actions of Cassens Transport or Cassens & Sons, two of Cassen Corporation's holdings, to Cassens Corporation also fails. Plaintiffs do not allege any facts that would justify piercing the corporate veil between Cassens Corporation and Cassens & Sons. Nonetheless, even if they had, this Court has already determined that Cassens & Sons is not subject to liability in this matter.

Additionally, even if Plaintiffs were somehow able to pierce the corporate veil between Cassens Corporation and Cassens Transport Company, Cassens Corporation still would not be subject to liability. Plaintiffs have omitted Cassens Transport Company, Larry Sandage's employer, as a defendant in this matter because the Illinois Worker's Compensation Statute, **820 ILCS 305/1 *et seq.***, precludes recovery against Sandage's employer. It is well-settled law that imputation of liability inheres imputation of defenses; ***see, e.g.***, ***Hayden v. Alton Nat'l Bank***, **29 Ill. App. 458, 463 (4th Dist. 1888)**, so the statute also precludes recovery against any of his employer's alter egos.

For the foregoing reasons, the Court finds that there is no reasonable possibility that Plaintiffs can maintain their current cause of action against Cassens Corporation, and finds that Cassens Corporation has been fraudulently joined. Consequently, the Court will disregard the citizenship of Cassens Corporation in determining jurisdiction and **DISMISSES *with prejudice***

defendant Cassens Corporation from this cause of action.

In sum, the Court finds that the non-diverse defendants in this matter – (1) Cassens & Sons, Inc., (2) Cassens Corporation, and (3) Lisa Shashek – were fraudulently joined, and therefore are disregarded in this Court's jurisdictional analysis. None of the remaining named defendants are citizens of Illinois, as are Plaintiffs. Accordingly, the Court finds that complete diversity of citizenship exists. Consequently, this Court must exercise its subject matter jurisdiction over this matter, pursuant to **28 U.S.C. § 1332**, so long as this matter was properly removed.

### *Timeliness of Removal*

**28 U.S.C. § 1446(b)** provides that the notice of removal generally must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The 30-day "time period within which a defendant must remove a case to federal court begins upon *receipt* of the complaint ..." ***See Silva v. City of Madison,* 69 F.3d 1368, 1375 (7th Cir. 1995).** Here, Cottrell admits that its notice of removal was not filed within 30 days from the time Cottrell was served.

However, **28 U.S.C. § 1446(b)** further provides that "[i]f the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." ***Id.***

In this matter, the case "as stated by the initial pleadings" was not removable, as Plaintiffs had fraudulently asserted jurisdictional facts related to the non-diverse defendants, making

12

it appear as though diversity jurisdiction could not exist. Cottrell asserts that it was not aware all of the local defendants had been fraudulently joined until September 6, 2005, when Cassens & Sons filed its summary judgment motion (*see* Doc. 40, Exhibit 9). Plaintiffs refute this assertion, arguing that the facts that indicated fraudulent joinder – that Cassens & Sons did not participate in the transaction at issue – were ascertainable from Cassens & Sons' January 10, 2005 motion to dismiss (Doc. 40, Exhibit 10). The Court rejects this assertion. Cassens & Sons' motion to dismiss is devoid of facts from which it could be ascertained that Cassens & Sons had been fraudulently joined.

The facts indicating that this case was removable were not made available to Cottrell until its receipt of Cassens & Sons' motion for summary judgment on September 6, 2005. Accordingly, Cottrell's notice of removal, filed October 4, 2005, was timely under **28 U.S.C. § 1446(b).**

### *Timeliness of Co-Defendants' Consents*

**28 U.S.C. § 1441(a)** states that an action may only be brought in a district court on the ground of diversity "by the defendant or defendants." In concert with federal courts throughout the United States, the Seventh Circuit has pointed out that "by long-continued construction of this language, defendants are to be treated collectively; and, as a general rule, all defendants who may properly join in the removal petition must join." ***P.P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546, 547 (7th Cir. 1968);** *see also **McDonald,* 128 F.3d at 481 (as a general rule, all defendants must join in a notice of removal in order to effectuate proper removal);** *Northern Illinois Gas Co. v. Airco Indus. Gases,* **676 F.2d 270, 272 (7th Cir. 1982)(same).** Regardless of whether the consents of the fraudulently joined defendants were necessary, the record is clear that every defendant consented, in writing, to Cottrell's removal on the

same day that Cottrell removed this case, October 4, 2005 (*see* Docs. 3, 4, 5, and 6). Those consents therefore were timely filed.

**C.    Conclusion**

For the reasons stated above, the Court hereby **DISMISSES *with prejudice*** defendants Lisa Shashek, Cassens & Sons, Inc., and Cassens Corporation. The Court **DIRECTS** Plaintiffs to file a Second Amended Complaint[2] which omits those claims directed at the now-dismissed defendants on or before October 6, 2006.

This Court has subject matter jurisdiction over this cause of action pursuant to **28 U.S.C. § 1332** and this case was properly removed. Accordingly, the Court **DENIES** Plaintiffs' motion to remand (Doc. 24).

The Court further **DENIES AS MOOT** all pending motions filed by the now-terminated Defendants, as well as any motions in response to those filings (Docs. 22, 28, 30, 31, 43, 46, 53, 80, 82, and 86).

**IT IS SO ORDERED.**

**DATED this 20th day of September, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**

---

[2] Plaintiffs' amended complaint has lost relevance to this cause of action (Doc. 75). When a case is removed to federal court on the grounds of diversity of citizenship, jurisdiction must be determined *as of the moment of removal*. ***See, e.g.*, Tropp v. W.-S. Life Ins. Co., 381 F.3d 591, 595 (7th Cir. 2004); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997).** Accordingly, this Court's analysis considered only Plaintiffs' original complaint (Doc. 2).

Nonetheless, a quick perusal of Plaintiffs' amended complaint (Doc. 75) indicates that it asserts, as does the original complaint (Doc. 2), several claims against parties who are now extinct from this action. Accordingly, this action cannot proceed on Plaintiffs' first amendment, and a second amended complaint is necessary.