IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY SANDAGE and SHEILA SANDAGE, <br><br> Plaintiffs, <br><br> vs. <br><br> COTTRELL, INC., GENERAL MOTORS CORPORATION, and DAIMLERCHRYSLER CORPORATION, <br><br> Defendants. | Case No. 05-cv-0720-MJR |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**A.  Factual & Procedural Background**

On November 18, 2004, Plaintiffs Larry and Sheila Sandage initiated this cause of action by filing a complaint in the Circuit Court for the Third Judicial Circuit of Illinois in Madison County against Defendants Cottrell, Inc. ("Cottrell"), Lisa Shashek, Cassens & Sons, Inc., Cassens Corporation, General Motors Corporation, DaimlerChrysler Corporation, and "unknown defendants" (*see* Doc. 2). This case was removed to this Court on October 4, 2005. Pursuant to this Court's Order of September 6, 2006, defendants Shashek, Cassens & Sons, and Cassens Corporation were dismissed with prejudice from this matter (*see* Doc. 90). In that same Order, this Court determined that it enjoys subject matter jurisdiction over this cause of action. *Id.*

Plaintiff Larry Sandage is an employee of the Cassens Transport Company (which is not a party to the current litigation). He operates trailers that haul cars, requiring the use of a chain and ratchet tie down system. He alleges in his initial complaint that on or about November 18, 2002,

1

he suffered injuries while using the system in the normal course of his employment duties, that those injuries have reduced his capacity to earn a living, and that as a result of those injuries, he will have to expend significant amounts of money on medical care and vocational retraining. Larry asserts that his injuries were due to a defect in the chain and ratchet system. His wife, Sheila Sandage, alleges that due to Larry's injuries, she has lost his support and services.

Now before this Court is Plaintiffs' motion for partial summary judgment (Doc. 36) on Cottrell's affirmative defense that Sandage's injury occurred on October 18, 2002 – rather than on November 18, 2002, as alleged in Plaintiffs' complaint – and that Sandage's claim based thereon is therefore barred by the statute of limitations. For the reasons that follow, the Court **DENIES** Plaintiffs' motion (Doc. 36).

**B.**     <u>Analysis</u>

Plaintiffs seek summary judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56.** Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986);** *Ulichny v. Merton Community School Dist.*, **249 F.3d 686, 699 (7th Cir. 2001);** *Miranda v. Wisconsin Power & Light Company*, **91 F.3d 1011, 1014 (7th Cir. 1996).**

The date of Sandage's injury is a fact material to the statute of limitations issue. This fact clearly is in dispute. Plaintiffs assert that Larry Sandage's injury occurred on or about November 18, 2002 (*see* Doc. 2, p.2). Cottrell disputes this claim, asserting that "there are records produced by Cassens Transport ... that show the injury date as October 18, 2002" (Doc. 55, p. 2-3). In support of this position, Cottrell has provided documents reporting Sandage's injury as having occurred on October 18, 2002 (*see* Doc. 2, Exhibit # 1).

Plaintiffs assert that the October 18, 2002 date in Cassens Transport's "report of injury" is a "clear typographical error ..." (*see* Doc. 36, p. 2). Cottrell disputes this assertion, and correctly points out that Plaintiffs have provided no support for this position. Whether that date is a "typographical error" also is an issue of fact material to the statute of limitations issue. Clearly, that fact remains in dispute.

Viewing the record in the light most favorable to Cottrell and making all reasonable inferences in Cottrell's favor, the Court finds that the aforementioned genuine disputes of material fact preclude summary judgment. ***See Anderson,* 477 U.S. at 255.** Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56,** the Court **DENIES** Plaintiffs' motion for partial summary judgment (Doc. 36).

**IT IS SO ORDERED.**

**DATED this 21st day of September, 2006.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

3